﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200204-60785
DATE: December 31, 2020

REMANDED

Service connection for sleep apnea, to include as secondary to service-connected diabetes mellitus, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from July 1968 to October 1988. This matter is on appeal from a January 2020 rating decision that confirmed and continued the previous denial of service connection for sleep apnea. While the agency of original jurisdiction (AOJ) noted that new and relevant evidence is needed for readjudication in that decision, the purpose seemingly was to inform the Veteran of what to do in the future. The analysis undertaken of the decision involved the merits of service connection. The criteria for readjudicating thus implicitly were found to be met. This favorable finding is binding on the Board of Veterans’ Appeals (Board). 38 C.F.R. § 20.801(a). In appealing the denial of service connection to the Board, the Veteran requested direct review of the evidence considered by AOJ in the rating decision.

Sleep Apnea

VA has a duty to assist claimants obtain evidence to substantiate all substantially complete initial and supplemental claims. 38 U.S.C. § 5103A(a, e, h); 38 C.F.R. §§ 3.159(c), 3.2501(c). The duty to assist includes ensuring that VA medical opinions are adequate. Barr v. Nicholson, 21 Vet. App. 303, 311-312 (2007). Unless an appeal can be granted in full, the Board shall remand it back to the AOJ for correction of duty to assist errors made prior to the date of the appealed decision. 38 U.S.C. § 5103A(f)(2)(A); 38 C.F.R. § 20.802(a). 

Along with the October 2019 supplemental claim on appeal, the Veteran’s representative submitted medical literature suggesting that there is a relationship between obstructive sleep apnea and diabetes mellitus. This literature refutes the July 2018 VA medical opinion, which concluded that the Veteran’s obstructive sleep apnea was less likely than not proximately due to/the result of his service-connected diabetes mellitus. Indeed, the rationale explained that the two conditions are entirely separate because “the medical literature does not support a … relationship” between them. Failing to obtain an adequate VA medical opinion constitutes a pre-decisional error on the part of the AOJ. It shall be remedied by remanding for another opinion to be rendered. To be adequate, that opinion must address not only whether the Veteran’s service-connected diabetes mellitus caused his obstructive sleep apnea but also whether his service-connected diabetes mellitus aggravated (worsened beyond natural progression) his obstructive sleep apnea. 38 C.F.R. § 3.310; Allen v. Brown, 7 Vet. App. 439, 448 (1995). Two separate conclusions are required, in other words. Atencio v. O’Rourke, 30 Vet. App. 74, 90 (2018).

This matter is REMANDED for the following action:

1. Arrange for a qualified clinician to review the claims file and opine as to whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran’s diagnosed obstructive sleep apnea: (a) was caused by his service-connected diabetes mellitus, or (b) has been aggravated (worsened beyond natural progression) by his service-connected diabetes mellitus.

To support each opinion, a detailed explanation is required. This means that relevant medical principles and/or literature should be discussed as it relates to facts specific to the Veteran, as shown by the medical and lay (non-medical) evidence. In this regard, specific comment must be made regarding the medical literature submitted in October 2019 suggesting there is a relationship between obstructive sleep apnea and diabetes mellitus.

 

 

Thomas H. O’Shay

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Becker

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.